The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning. We have two argued cases today. The first is number 20-1058, Uniloc 2017 LLC v. Apple Inc., Mr. Stevens. Yes, Your Honor. This is Jeffrey Stevens with the Etheridge Law Group representing Uniloc 2017 LLC. And if I may begin, Your Honor, with just pointing to a key section of the board's decision relating specifically to Claim 6, which Uniloc is arguing is representative of the Challenge Claims 6 through 8, 15, 16, and 19. On page 32 of the board's decision, this is at appendix 32, towards the bottom of the page, the last paragraph, the board states, accordingly, we find that, quote, last step recognized, and this is referring to in the Fabio reference, refers to the current step, K, because both K and K-1 are recognized steps, and between them, K was the last step that was recognized. This sort of highlights the main error that the board made in its decision as to this group of claims that were challenging on appeal. The board here is sort of, they're assuming the answer to the question that they're purportedly trying to determine based on the arguments that Uniloc presented. So Uniloc, the argument presented to the board was that the phrase last step recognized in the Fabio reference was referring to the previous step, that essentially the way Fabio looks to try to determine whether some step-like motion is validated and should be counted as a step, Fabio is essentially, as the sort of the step data comes in, what Fabio does is it looks backwards and tries to determine whether... Well, I should back up just a little bit and say this relates specifically to the board's construction of a cadence window, and what the board construed that term to mean was a window of time since a last step was counted that is looked at to detect a new step. So the way the board was reading Fabio is to say, okay, well, you have a step that is detected, and then you look to validate it, and you're looking back in this window of time. When in actuality, as Uniloc has presented in its brief, the way Fabio works is that a step is not validated until the next step happens. And at that point, it's retroactively determining, okay, does the previous step, is that going to now be counted because there was a further step that came that was within a window that it's looking at? So I think what the board, and going back to the passage on page 32 of the board's decision, what we're focusing on here is that the board is looking at the language and saying, well, these are both recognized steps. One of them was a last step recognized, and our point is... It relied on the Fabio reference itself. It relied on expert testimony. How is that something that we can set aside on appeal? Well, its factual determination, we submit, Your Honor, was based on this, I would say, misstep in logic on page 32 of the board's decision. It's saying that this last step recognized, they're trying to determine the meaning of that by presupposing what it means. They really haven't dealt with Uniloc's argument that that last step refers to the previous step and not the current step that's being looked at. So it's the evidence, all of the evidence that the board purported to rely on really is tied back to... The board was looking at it through this lens of what that last step recognized means, and their only explanation they give is that both of those steps are recognized steps. They don't recognize the argument that Uniloc put forth as to the last step referring to the previously recognized step. So it's a situation, I think, Your Honor, where, yes, the standard is substantial evidence, but where the board is purporting to make a determination based on the evidence, but has this, what we would submit is circular reasoning, essentially assuming the answer to the question in going about reviewing that evidence. And so we really, everything hinges on what that term means, and the board never provides an explanation beyond both steps are recognized and this was the last one. There's no recognition of the other meaning of that phrase that Uniloc presented to the board. I will go ahead and move on to the additional arguments that were made as to the 508 patent. So as to Claim 1, for example, which Uniloc is arguing as Representative 1, 2, 11, and 12, and also 14, these claims require both continuously determining an orientation of the inertial sensor and assigning a dominant axis. And then the claims further recite updating the dominant axis as the orientation of the inertial sensor changes. And what the board bought into here was petitioners lumping together of these two recited steps in the claim. And the, you know, although the steps may perhaps be overlapping to some degree, they are two, still two steps recited in the claim. And essentially what petitioners did in the petition and what the board did in its decision was say, well, you're, again, sort of in circular fashion. You're looking at what the axis is that's being most affected by gravity and you're assigning that the dominant axis and it's related to. I mean, at most what the board's decision boils down to is that's related to orientation and that's good enough. But the claim really recites determining that orientation of the sensor and then later, you know, updating the dominant axis as that orientation of the sensor changes, which itself suggests that, you know, what is already recited in the claim, that that orientation is determined and that the dominant axis is updated based on that determination. Thank you. So, I mean, those are really the two main points brought out in Uniloc's briefing. And I'm happy to help the court further as the court may have any questions on that. We think they're clear in terms of the board sort of doing a little hand-waving in terms of we agree with petitioner on this and that and not taking seriously really Uniloc's arguments and explaining in an understandable way why the board is rejecting those arguments. On both of those points for both Claim 6 and Claim 1 and its grouping, we submit that the board erred in finding those claims unpatentable and urge the court to reverse those determinations along with the other points raised in our briefs. Okay. Thank you. We'll hear from Mr. Mannes. Thank you. Good morning. May it please the court. All that is at issue is whether the board's final written decisions are supported by substantial evidence, and they are, so this court should affirm. I'd like to just briefly address the cadence window argument that opposing counsel just mentioned and then briefly turn to the access and orientation limitations. On cadence window, as Judge Dyke correctly noted, the board found based on Fabio's disclosures and expert testimony that the last step recognized refers to the current step, not the immediately preceding step under the retrospective theory that Uniloc has offered. Just to briefly address this contention that the board didn't consider Uniloc's usage or was somehow being circular in its logic, at Appendix 31 at the bottom of the page, the board expressly said that it understood patent owner's interpretation to be based on this idea that last step recognized refers to the immediately preceding step, K-1. And then it went on to reject that usage based on the disclosures in Fabio and the expert testimony that Judge Dyke noted. So I'll pause there in case there's any questions on the cadence window limitation. So on the remaining limitations, these are the access and orientation limitations. Notably, Uniloc doesn't even address them in its reply brief, but substantial evidence supports the board's finding that Pasolini's triaxis accelerometer discloses these limitations. Uniloc's counsel mentioned that the steps have to be separate, and that's precisely what the board found at Appendix 24. It said that Pasolini's first determines an orientation by identifying which of its three axes is most aligned with gravity, and then afterward Pasolini assigns that axis as the main vertical axis for use in measuring acceleration samples. And moreover, in any event, the steps are not required to be separate under the claim language, so this finding is supported by substantial evidence, but the position that Uniloc's argument is based on isn't even well-grounded in the claim language. And so with that, Your Honors, I'm happy to answer any questions you might have. Thank you for your time. We ask that you affirm. Okay. Thank you, Mr. Manhas. Mr. Stevens, you have a couple minutes here for rebuttal. Yes, thank you, Your Honor. I would like to dispute that the board's analysis on page 31 and going into the top of page 32 of its decision provides anything beyond what I addressed as the circular reasoning of the board. I mean, all of that analysis where the board is talking about, you know, quoting the section of Fabio relied on where it says the last step recognized and mentions also a current step and an immediately preceding step, all of that analysis is premised on its conclusion that last step recognized actually refers to the current step instead of the previous step. And so that's our point is that, you know, when the board concludes at the bottom of page 32 of its decision that the last step does refer to the current step, it's not relying on any of the other sections of Fabio or its expert declaration. It's as a matter of language saying, well, this is the last step because it was recognized last and doesn't acknowledge even the, you know, linguistically how that last step, as you know, I understand that, you know, would refer to the previous step under the meaning of last. So that's where I think it would be a mistake to look at the board's decision and say, well, there's all this evidence. And then they conclude the last step that their reasoning is included in the final paragraph there on page 32 where they determine circularly, in our view, the answer to the question that they're purporting to answer. And that's where the reasoning of the board breaks down and it undermines, you know, any other, you know, citations to the record and the evidence is all premised on that misunderstanding. And I will rest with that explanation. Thank you. Okay. Thank you, Mr. Stevens. Thank you, Mr. Monhouse. The case is submitted.